Filed 11/8/21  P. v. Wade CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092710 |
| Plaintiff and Respondent, | (Super. Ct. No. 19PCS01789) |
| v. | |
| GUY LOUIS WADE, | |
| Defendant and Appellant. | |

Defendant Guy Louis Wade appeals the trial court's revocation and reinstatement of his postrelease community supervision (PRCS), arguing the trial court erred in overruling his demurrer to the probation department's fourth petition for revocation. Defendant bases his claim on the failure of the probation department to follow the

1

requirements of Penal Code section 3455, subdivision (a)[1] and California Rules of Court, rule 4.541(e).[2] We agree and reverse the postjudgment order.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

The November 2, 2017 criminal complaint charged defendant with carrying a dirk or dagger (§ 21310; count 1), possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2), and possessing an opium pipe (*id.*, § 11364, subd. (a); count 3). The complaint further alleged as to count 1 that defendant had served a prior prison term (§ 667.5, subd. (b)) and had suffered a prior strike (§§ 667, subds. (b)-(j); 1170.12).

On March 8, 2018, defendant pleaded no contest to count 1 in exchange for the dismissal of the remaining counts and enhancement allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. On April 5, 2018, the trial court denied defendant's request for probation and imposed the upper term of three years.

Defendant was released on PRCS on March 18, 2019, and had three revocations and reinstatements prior to the petition challenged here. The instant petition for revocation was filed on July 22, 2020, and alleged defendant had violated the terms of his release by leaving his recovery program without permission, failing to report after he left, and absconding from supervision in violation of his terms of release. The petition failed to include or attach any summary of defendant's criminal history and did not discuss whether any intermediate sanctions had been considered and rejected as inappropriate.

Defendant demurred on August 14, 2020, arguing the petition was defective because it failed to meet a condition precedent to filing a petition for revocation.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Further undesignated references to rules are to the California Rules of Court.

[3] Because we agree with defendant's first claim of error, we do not reach his second claim--that the trial court abused its discretion in revoking PCRS.

Specifically, the petition failed to state the probation department's consideration of intermediate sanctions. On August 21, 2020, the trial court overruled his demurrer without prejudice, and defendant denied the allegations in the petition.

The trial court held an evidentiary hearing on the fourth petition on August 28, 2020. At this hearing, the People presented the testimony of defendant's probation officer Becky Haury, who confirmed the circumstances regarding defendant's PRCS violation: he left the treatment program without permission, failed to contact probation, and failed to respond Haury's phone messages. On cross-examination, Haury conceded she had told defendant she would be recommending a jail term of 180 days. While defendant had requested treatment, she thought it was unlikely that behavioral health would authorize a third round of treatment. She had not considered flash incarceration, GPS monitoring, or outpatient treatment. She admitted when asked that she "didn't consider [defendant] for any program other than . . . [j]ail."

Defendant also testified; a recitation of his testimony is not relevant to the issues on appeal. Following his testimony, defendant renewed his request for dismissal of the petition for failure to show that the probation department had considered intermediate sanctions.

The trial court implicitly denied defendant's renewed request for dismissal by ruling that defendant had violated the terms of his release. The court revoked and reinstated supervision and ordered that defendant serve 150 days in county jail. The court explained that it had considered that defendant was afraid because of COVID, that defendant had requested treatment, that such treatment would be his third attempt, and that defendant had not undertaken any efforts to reenter treatment following his arrest on the petition. The court also noted that this was defendant's fourth violation and that defendant was familiar with his reporting requirements. The court authorized probation to release defendant with or without ankle monitoring as appropriate given the rules of any treatment programs that defendant might enter.

3

Defendant timely appealed. The case was fully briefed in June 2021 and assigned to this panel on August 24, 2021. The parties waived oral argument and the case was submitted on September 28, 2021.

## DISCUSSION

At the outset, we disagree with the Attorney General's assertion that this appeal should be dismissed as moot because defendant has already served the 150-day sanction. Defendant remains subject to PRCS supervision until May 29, 2022. (See, e.g., *People v. DeLeon* (2017) 3 Cal.5th 640, 645-646 [noting defendant's claim concerning revocation was moot because he had completed his jail term *and* parole had been terminated].) Moreover, even if defendant's appeal were moot, we would exercise our discretion to reach this issue because the probation department's failure to comply with statutory conditions precedent to the filing of a PRCS revocation petition presents an issue of public importance that is likely to reoccur. (*Id.* at p. 646; see also *People v. Castel* (2017) 12 Cal.App.5th 1321, 1325 (*Castel*).) Accordingly, we will address the merits of defendant's claim of error.

" ' "[A] demurrer raises an issue of law as to the sufficiency of the accusatory pleading, and it tests only those defects appearing on the face of that pleading." ' " (*People v. Osorio* (2015) 235 Cal.App.4th 1408, 1412; see *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1090 [" "A demurrer to a criminal complaint lies only to challenge the sufficiency of the pleading and raises only issues of law' "].) "On appeal, we review the order overruling defendant's demurrer de novo." (*Osorio*, at p. 1412.) This requires that we use "our independent judgment as to whether, as a matter of law," the PRCS petition alleged sufficient facts necessary to sustain revocation of PRCS. (See *ibid.* [same inquiry in a parole context].)

Section 3451 generally provides that nonviolent persons released from prison on or after October 1, 2011, are subject to PRCS by the county's probation department for a period not to exceed three years. Section 3454 provides probation may determine

4

appropriate conditions of supervision (see § 3453 [mandatory conditions of supervision]) consistent with public safety, including electronic monitoring, and appropriate rehabilitation and treatment services. Probation may "determine appropriate incentives," and "order appropriate responses to alleged violations, which can include, . . . immediate, structured, and intermediate sanctions up to and including referral to a reentry court . . . ." (§ 3454; see § 3450, subd. (b)(8)(A)-(L) [immediate and structured sanctions include, but are not limited to, flash incarceration, intensive community supervision, home detention with electronic monitoring or GPS monitoring, mandatory community service, restorative justice programs, work, training, or education in a furlough, work release program, day reporting, mandatory residential or nonresidential substance abuse treatment programs, mandatory random drug testing, community-based residential programs offering structure, supervision, drug treatment, alcohol treatment, psychological counseling, mental health treatment, or any combination of these and other interventions].)

Section 3455 provides that if probation has determined intermediate sanctions (§ 3454, subd. (b)) are not appropriate, it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision." (§ 3455, subd. (a).) "Upon a finding that the person has violated the conditions of postrelease community supervision, the revocation hearing officer shall have authority to do all of the following: [¶] (1) Return the person to postrelease community supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail. [¶] (2) Revoke and terminate postrelease community supervision and order the person to confinement in the county jail. [¶] (3) Refer the person to a reentry court pursuant to Section 3015 or other evidence-based program in the court's discretion." (*Ibid.*) "Confinement . . . shall not exceed a period of 180 days in the county jail for each custodial sanction." (§ 3455, subd. (d).)

Rule 4.541 sets forth the minimum requirements for "supervising agency reports" that must be included with certain revocation petitions for individuals subject to

5

probation, parole, mandatory supervision and PRCS. (Rule 4.541(a); *Castel, supra*, 12 Cal.App.5th at p. 1323.) Relevant to this appeal, rule 4.541(e) provides special requirements for the filing a parole or PRCS revocation petition. It states: "In addition to the minimum contents described in (c), a report filed by the supervising agency in conjunction with a petition to revoke parole or postrelease community supervision *must include the reasons for that agency's determination that intermediate sanctions without court intervention as authorized by . . . sections 3000.08 (f) or 3454(b) are inappropriate* responses to the alleged violations." (Italics added.) The Advisory Committee comment Rule 4.541(e) further advises that "sections 3000.08(d) and 3454(b) authorize supervising agencies to impose appropriate responses to alleged violations of parole and postrelease community supervision without court intervention, including referral to a reentry court under . . . section 3015 or flash incarceration in a county jail. [S]ections 3000.08(f) and 3455(a) require the supervising agency to determine that the intermediate sanctions authorized by sections 3000.08(d) and 3454(b) are inappropriate responses to the alleged violation *before* filing a petition to revoke parole or postrelease community supervision."

Thus, a probation department's petition to revoke PRCS must include a statement indicating that intermediate sanctions were considered and determined to be inappropriate, as the consideration and rejection of intermediate sanctions are a condition precedent to the probation officer filing for revocation. (Rule 4.541(e); Advisory Com. com., Rule 4.541(e); § 3455, subd. (a); accord 9 Witkin & Epstein, Cal. Criminal Law (4th. ed. 2021) Punishment, § 805B.) This is in contrast to a petition for revocation filed by the District Attorney; in those petitions, in this requirement does not apply. (*Castel, supra*, 12 Cal.App.5th at pp. 1323, 1325-1326.)

Here, neither the petition, nor any attachment included a statement that the probation department considered intermediate sanctions and determined they were inappropriate. Thus, the probation department's petition was facially deficient, and defendant's demurrer should have been granted. (See *People v. Osorio, supra*,

235 Cal.App.4th at pp. 1411-1415 [trial court erred in overruling demurrer to parole revocation petition because intermediate sanctions must be considered prior to filing that petition and the petition did not explain why the intermediate sanctions recommended by the risk assessment would not have been appropriate].) We note that the summary provided with the revocation petition was also deficient for failing to provide a description of defendant's previous criminal record and risk of recidivism, as well as a summary of defendant's previous PRCS violations and sanctions received. (Rule 5.541(c).)

The Attorney General "acknowledges that the petition for revocation did not expressly state that intermediate sanctions were an inappropriate response to the alleged violations as required by [] rule 4.541(e)" but argues that we should affirm despite the deficiency because "[a]ppellant has not established how a lesser sanction would have been appropriate given the fact that he had repeatedly failed to perform when released on supervision following his past jail terms." But defendant does not bear a burden on this appeal to show the appropriateness of a lesser sanction. As we have described, he bears the burden of showing the probation department's petition was facially deficient, and he has met that burden. That deficiency was not cured by the testimony of Officer Haury. While it is certainly possible that a probation officer *could* have considered intermediate sanctions and determined that they would be inappropriate given defendant's previous performance on PRCS, and *could* have described those considerations and determinations in a petition that complied with statutory procedures associated with the filing of petitions for revocation in the first instance, and *could* have then expanded on those conclusions at the hearing, those things did not happen here. Thus, the demurrer was improperly overruled.

## DISPOSITION

The postjudgment order is reversed.

/s/
Duarte, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Robie, J.

8